TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
Gordon & Wong Law Group, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JAQUELINE FLEMING, | ) | CASE NO.  5:09-cv-04430 JW |
| | ) | |
| Plaintiff, | ) | **ANSWER TO COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| GORDON & WONG LAW GROUP, P.C., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

1   Defendant GORDON & WONG LAW GROUP, P.C. ("Defendant") hereby

2   submits the following Answer to the Complaint filed in this action by plaintiff

3   JAQUELINE FLEMING ("Plaintiff"):

4       1.      In answering Paragraph 1 of the Complaint, Defendant avers that the

5   contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the

6   Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. are self-

7   explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1 are

8   denied.

9       2.      In answering Paragraph 2 of the Complaint, Defendant admits that

10  Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

11  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

12      3.      In answering Paragraph 3 of the Complaint, Defendant admits, on

13  information and belief, that Plaintiff is a natural person residing in Santa Clara

14  County in the State of California.  Defendant lacks sufficient knowledge to form a

15  belief as to whether Plaintiff's financial obligation was incurred primarily for

16  personal, family or household purposes and therefore can neither admit nor deny

17  whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as

18  a "debtor" as defined by Cal. Civ. Code § 1788.2(h) and on that basis, denies the

19  allegations.  Except as herein admitted, the remaining allegations of Paragraph 3 are

20  denied.

21      4.      In answering Paragraph 4 of the Complaint, Defendant admits that it

22  attempted to collect a financial obligation from Plaintiff.  Defendant lacks sufficient

23  knowledge to form a belief as to whether Plaintiff's financial obligation was incurred

24  primarily for personal, family or household purposes and therefore can neither admit

25  nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) or as a

26  "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).  Defendant admits that it

27  has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6).  Except

28  as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.     In answering Paragraph 5 of the Complaint, Defendant admits that it contacted Plaintiff in an attempt to collect the financial obligation at issue within one year preceding the filing of the Complaint.  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.     Denied.

7.     Denied.

8.     Denied.

9.     Defendant incorporates by reference paragraphs 1 through 8 above as if set forth fully herein.  Defendant denies all allegations of Paragraph 9 of the Complaint and that Plaintiff is entitled to any relief requested in her Prayer for Relief.

10.     Defendant incorporates by reference paragraphs 1 through 9 above as if set forth fully herein.

11.     Defendant denies all allegations of Paragraph 11 of the Complaint and that Plaintiff is entitled to any relief requested in her Prayer for Relief.

12.     Defendant incorporates by reference paragraphs 1 through 11 above as if set forth fully herein.  Defendant denies all allegations of Paragraph 11 of the Complaint and that Plaintiff is entitled to any relief requested in her Prayer for Relief.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH  AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant.  The liability, if any exists, of Defendant and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

//

//

//

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Litigation Privilege)

The actions of Defendant complained of in the Complaint constitute communications that were made in good faith and in anticipation of or in connection with ongoing litigation and Plaintiff's claims are therefore barred, in whole or in part, by the California litigation privilege and/or the *Noerr-Pennington Doctrine*.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Not a Debt Collector)

Defendant, a law firm, is not a "debt collector" as defined by the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution.  Plaintiff's proposed interpretation of provisions of the FDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

//

//

1        WHEREFORE, Defendant requests judgment as follows:

2        1.   That Plaintiff take nothing by the Complaint, which should be dismissed

3   with prejudice.

4        2.   That Defendant recover from Plaintiff costs according to proof.

5        3.   That Defendant recover attorneys' fees according to proof.

6        4.   That the Court orders such other further reasonable relief as the Court may

7   deem just and proper.

8

9   DATED: November 5, 2009            SIMMONDS & NARITA LLP

10                                      TOMIO B. NARITA
                                        JEFFREY A. TOPOR

11

12

13                                  By:   s/Jeffrey A. Topor

                                          Jeffrey A. Topor
14                                        Attorneys for Defendant
                                          Gordon & Wong Law Group, P.C.
15

16

17

18

19

20

21

22

23

24

25

26

27

28