1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendant
7  Gordon & Wong Law Group, P.C.

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12  JAQUELINE FLEMING,                )   CASE NO.  5:09-cv-04430 JW
                                      )
13                                    )   **NOTICE OF MOTION AND MOTION**
              Plaintiff,              )   **OF DEFENDANT FOR SUMMARY**
14                                    )   **JUDGMENT; MEMORANDUM OF**
                                      )   **POINTS AND AUTHORITIES IN**
15            vs.                     )   **SUPPORT OF MOTION**
                                      )
16                                    )   Date:     April 5, 2010
                                      )   Time:     9:00 a.m.
17  GORDON & WONG LAW GROUP,          )   Crtrm.:  8, 4th Floor
    P.C.,                             )
18                                    )   The Honorable James Ware
                                      )
19            Defendant.              )
                                      )
20  _____ )

21

22

23

24

25

26

27

28

1  TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on April 5, 2010, at 9:00 a.m., or as soon

3  thereafter as the matter may be heard in Courtroom 8 of this Court, located at 280

4  South First Street, San Jose, California 95113, the Honorable James Ware presiding,

5  defendant Gordon & Wong Law Group, P.C. ("Gordon & Wong") will and hereby

6  does move this Court for an Order, pursuant to Rule 56 of the Federal Rules of Civil

7  Procedure, granting summary judgment in its favor.

8  The motion is made on the grounds that all of Plaintiff's claims are barred by

9  the *Rooker-Feldman* doctrine, and the Court therefore lacks subject matter

10  jurisdiction.  In addition, the Rosenthal Act claim lacks merit because the Rosenthal

11  Act does not apply to attorneys, and the invasion of privacy claim is  barred by the

12  California litigation privilege.

13  This motion will be based upon this Notice of Motion and Motion, the

14  accompanying Memorandum of Points and Authorities in Support of the Motion, the

15  Request for Judicial Notice, all of the records on file in this action, and upon such

16  other and further evidence or argument that the Court may permit at the hearing in

17  this matter.

18

19  DATED: March 1, 2010                    SIMMONDS & NARITA LLP
20                                          TOMIO B. NARITA
                                            JEFFREY A. TOPOR
21

22
                                    By:    s/Tomio B. Narita
23                                         Tomio B. Narita
                                           Attorneys for Defendant
24                                         Gordon & Wong Law Group, P.C.

25

26

27

28

1

## I.      **INTRODUCTION**

2          On May 19, 2009, the Superior Court of California, County of Santa Clara,

3   issued a writ of execution totaling $1,869.00 on a renewed judgment it had entered

4   against Plaintiff Jacqueline Fleming ("Fleming").  Fleming never challenged the

5   renewed judgment or writ in state court.  Instead, she filed this action, claiming that

6   by seeking to garnish her wages pursuant to that writ, the attorneys for her judgment

7   creditor, Gordon & Wong, somehow violated the Fair Debt Collection Practices Act,

8   15 U.S.C. § 1692 *et seq.* ("FDCPA"), as well as the Rosenthal Fair Debt Collection

9   Practices Act, Cal. Civ. Code § 1788 *et seq.*[1]

10         All of Fleming's claims are barred as a matter of law by the *Rooker-Feldman*

11  doctrine.[2]  The amended judgment and resulting writ expressly provide that Gordon

12  & Wong may garnish the sum of $1,869.00 from Fleming.  By filing this action to

13  challenge the amount Defendant seeks to collect, Fleming is impermissibly attacking

14  the validity of the state court judgment.  The *Rooker-Feldman* doctrine bars claims

15  made by state court losers who file subsequent federal court actions that seek to

16  undermine state court judgments.  If Fleming believed that the amount of the

17  amended judgment or writ was incorrect, she was required to pursue that issue in

18  state court, within the time period proscribed by California law.  This Court lacks

19  subject matter jurisdiction over her claims.

20         Fleming's state law claims also fail for independent reasons.  The Rosenthal

21  Act claim lacks merit because defendant Gordon & Wong Law Group, P.C., is a law

22  firm, and the Rosenthal Act does not apply to attorneys.  The invasion of privacy

23  claim is barred as a matter of law by the litigation privilege.

24

25

26  ――――――――――――

27         [1]  She also asserts a state law claim for invasion of privacy.

28         [2]  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

1   For each of the forgoing reasons, Defendant respectfully requests that the

2   Court issue an order granting summary judgment in its favor.

3   **II.     STATEMENT OF FACTS**

4       Nearly twelve years ago, on August 31, 1998, the attorneys at Gordon & Wong

5   filed a collection lawsuit in the Superior Court of California, County of Santa Clara,

6   against Fleming.  Although she was served with the complaint, she never responded,

7   so a judgment of $2,247.41was entered against her on December 31, 1998.  *See*

8   Request for Judicial Notice in Support of Defendant's Motion for Summary

9   Judgment, Ex. A (Application for Renewal of Judgment), ¶¶ 3, 5.

10      Over the next ten years, some payments were applied to the judgment, but it

11  was never fully paid, so interest continued to accrue on the unpaid amount.  On

12  December 24, 2008, when the original judgment was nearly ten years old, Defendant

13  filed and served an application to renew the judgment.  *See id*.  The court later

14  entered a renewed judgment of $1,585.84, crediting all the payments, but also adding

15  the costs incurred by Gordon & Wong's client, along with the accrued interest.  *Id.,*

16  Ex. B (Notice of Renewal of Judgment).

17      Fleming was served with the Notice of Renewal of Judgment on March 30,

18  2009.  *See id.*, Ex. C.  Under section 683.160 of the California Code of Civil

19  Procedure, she had thirty days from the date of service to file a motion to vacate or

20  modify the renewal.  *See* Cal. Civ. Code § 683.130.  She never did.

21      On May 19, 2009, the state court issued a writ of execution on the renewed

22  judgment.  *See id.*, Ex. D.  The writ totaled $1,869.00, as it included further costs and

23  interest accrued after the entry of the renewed judgment.  *Id.*  This is the precise

24  amount – $1,869.00 – that Gordon & Wong was seeking to collect from Fleming.

25  Although Fleming has filed this lawsuit, she has never taken any action in state court

26  to challenge the original judgment, the renewed judgment, or the writ issued on the

27  renewed judgment.

28

III.   **ARGUMENT**

    A.   **Standards Governing Summary Judgment**

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See* Fed. R. Civ. Proc. 56(c). As the moving party, Defendant may discharge itsher burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *accord Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*).

To survive this motion for summary judgment, Plaintiff "must present competent evidence that creates a genuine issue of material fact." *See Federal Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002). The materiality of a fact is determined by the underlying substantive law. *See State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir. 1998). "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (affirming summary judgment on FDCPA claims).

    B.   **All Of Plaintiff's Claims Are Barred By The *Rooker-Feldman* Doctrine And Must Fail As A Matter Of Law**

Fleming's entire case is premised on a single fact – *i.e.*, that Gordon & Wong attempted to garnish $1,869.00 – an amount she claims exceeded the current balance on the judgment entered against her. But the undisputed record shows that when the state court renewed the judgment and issued the writ, it necessarily found that Fleming owed $1,869.00 on the judgment. *See* Request for Judicial Notice, Exs. B and D. Because Fleming is challenging the amount of the renewed judgment and

1  writ, her claims are inextricably intertwined with the findings underlying the state

2  court judgment, and are barred by the *Rooker-Feldman* doctrine.

3    As the Supreme Court recently observed, the *Rooker-Feldman* doctrine applies

4  to "cases brought by state-court losers complaining of injuries caused by state-court

5  judgments rendered before the district court proceedings commenced and inviting

6  district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi*

7  *Basic Industries Corp.*, 544 U.S. 280, 284 (2005).  The doctrine prevents litigants

8  from attacking a state court judgment by filing a subsequent federal lawsuit, "no

9  matter how erroneous or unconstitutional the state court judgment may be.

10 (citations)." *Kelly v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008).

11   The *Rooker-Feldman* doctrine "applies not only to claims that were actually

12 raised before the state court, but also to claims that are inextricably intertwined with

13 state court determinations." *Id*. (citation omitted).  A federal claim is "inextricably

14 intertwined" with a state court decision if "the adjudication of the federal claims

15 would undercut the state ruling or require the district court to interpret the

16 application of state laws or procedural rules . . . ." *Bianchi v. Rylaarsdam*, 334 F.3d

17 895, 898 (9th Cir. 2003).  Even a claim that the state court judgment was obtained

18 through "extrinsic fraud" is barred.  *See Reusser v. Wachovia Bank, N.A.*, 515 F.3d

19 855, 859-60 (9th Cir. 2008).

20   In *Kelly*, plaintiffs asserted FDCPA claims which alleged that the state court

21 judgments defendants had obtained against them included sums for attorneys' fees

22 that were not permitted by contract or law.  *See Kelley,* 548 F.3d at 602.  Plaintiffs

23 argued their FDCPA claims were not barred by the *Rooker-Feldman* doctrine,

24 because plaintiffs were only challenging "defendants' *representations* and *requests*

25 related to attorney fees, and not the state court judgments granting those requests."

26 *Id*. at 604.  The *Kelly* court rejected this argument, noting that the state court had

27 determined the fees were proper, and the district court lacked jurisdiction to rule that

28 the holding was erroneous:

Because defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments. We could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees.

*Id.* at 605.

This case is also remarkably similar another action filed by plaintiff's counsel against this same defendant, *Bryant v. Gordon & Wong Group, P.C.*, _ F. Supp. 2d _, 2010 WL 339086 (E.D. Cal. Feb. 1, 2010), *appeal docketed,* No. 10-15401 (9th Cir. Feb. 22, 2010). There, plaintiff sued Gordon & Wong under the FDCPA and Rosenthal Act, claiming he had never been served with the complaint in the state court collection action, and that "out of the blue" he discovered his checking and savings accounts had been garnished. *See Bryant*, 2010 WL 339086 at *1. The court noted that by "disputing the garnishment of his accounts, Plaintiff is inherently challenging the entry of default against him and the writ of execution that authorized the garnishment." *Id*. at *3. The court granted summary judgment for defendant under the *Rooker-Feldman* doctrine, because plaintiff's claims were seeking to undermine the judgments entered against him in state court:

The net effect is that Plaintiff is seeking to undermine the state court judgments. These judgments were rendered before the current district court proceeding, and any action by this Court in favor of Plaintiff on his FDCPA or RFDCPA claims would necessarily require review of those state court judgments. The *Rooker-Feldman* doctrine specifically bars this Court from doing so. If Plaintiff believes he has been wronged by the actions of the state court, he must turn to the state for remedy. This Court lacks jurisdiction to provide redress for Plaintiff's claims.

*Id.*

Here, like the plaintiffs in *Kelly* and *Bryant*, Fleming wants to pursue claims that would undermine the validity of the state court judgment entered against her. She claims Gordon & Wong attempted to garnish $1,869.00 – more than she allegedly owes – but this is exact amount the state court determined was due when it renewed the judgment and issued the writ. *See* Request For Judicial Notice, Ex. D.

1  As in *Kelly* and *Bryant,* this Court cannot credit Fleming's claims without holding

2  that the state court erred when it issued the renewed judgment and writ.

3      In light of the *Rooker-Feldman* doctrine, the Court lacks subject matter over

4  Fleming's claims.  *See Bianchi*, 334 F.3d at 898 (district court lacks subject matter

5  jurisdiction if claims raised in federal action are inextricably intertwined with state

6  court decision).  If Fleming had an issue with the amount of the renewed judgment or

7  the writ, she needed to seek timely relief utilizing the procedures available to her

8  under state law.  "A state litigant seeking review of a state court judgment must

9  follow the appellate process through the state court system and then directly to the

10  United States Supreme Court."  *Kelley*, 548 F.3d at 603.  She cannot challenge the

11  state court judgment in this court.  Summary judgment should be granted.

12      **C.    The Rosenthal Act Claim Fails As A Matter Of Law Because The
          Act Does Not Apply To Attorneys**

13

14      Fleming's claim under the Rosenthal Act (Count II) also fails because Gordon

15  & Wong Law Group, P.C. is a law firm, and the statute does not apply to attorneys.

16  The Rosenthal Act defines a "debt collector" as "any person who, in the ordinary

17  course of business, regularly, on behalf of himself or herself or others, engages in

18  debt collection.  **The term . . . does not include an attorney or counselor at law**."

19  Cal. Civ. Code § 1788.2(c) (emphasis supplied).  Thus, the Act "explicitly excludes

20  attorneys from the definition of 'debt collectors' . . . ."  *Lopez Reyes v. Kenosian &
    Miele, LLP*, 525 F. Supp. 2d 1158, 1164 (N.D. Cal. 2007).

21

22      Defendant acknowledges that this Court reached a contrary result in *Abels v.

23  JBC Legal Group*, 227 F.R.D. 541 (N.D. Cal. 2005).  For the reasons explained

24  below, Defendant respectfully submits that *Abels* should not be followed.

25      In *Abels*, when ruling on plaintiff's class certification motion, this Court

26  rejected defendants' argument that the Rosenthal Act did not apply to law firms,

27  because the language of the statute did not "outright exclude 'law firms.'"  *See* 227

28  F.R.D. at 548.  With due respect to the Court, Defendant submits that this reasoning

1  is contrary to the maxim of statutory construction "that 'statutory interpretations
2  which would produce absurd results are to be avoided.' . . . [C]ourts avoid natural
3  readings that would lead to irrational results.'" *Arizona State Bd. For Charter Schs.*
4  *v. United States Dept. of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006) (citations
5  omitted).

6       When interpreting section 1788.2(c) of the California Civil Code, the Court
7  must determine the meaning the California Supreme Court would give the provision,
8  following California's rules of statutory interpretation. *See Bass v. County of Butte*,
9  458 F.3d 978, 981 (9th Cir. 2006); *In re Reaves*, 285 F.3d 1152, 1156 (9th Cir.
10 2002). In California, the court's "'primary task is to determine the lawmakers'
11 intent,'" in order "'to *effectuate the purpose* of the law.'" *MacIsaac v. Waste*
12 *Management Collection and Recycling, Inc.*, 134 Cal. App. 4th 1076, 1082, 1084.
13 Determining legislative intent involves a three-step process, which involves
14 examining the plain meaning of the statute's language, the legislative history and the
15 <u>reasonableness</u> of the proposed interpretation. *See id.* at 1082. Like federal courts,
16 California courts do not adhere blindly to the plain meaning of the statute if doing so
17 would frustrate the legislative purpose or cause an absurd result. *See id.* at 1083.

18      Here, if the Court interprets the Rosenthal Act to <u>exclude</u> attorneys the
19 definition of "debt collector" but <u>include</u> law firms within that definition, this would
20 lead to an unreasonable and absurd result. Attorneys are expressly excluded from
21 coverage, and law firms are necessarily comprised of, and communicate with the
22 courts through, attorneys. The pleadings in the state court action against Fleming
23 were prepared and filed by attorneys, not by the entity the Gordon & Wong Law
24 Group, P.C. The law firm is merely a business entity comprised of attorneys.
25      Under Fleming's interpretation of the Rosenthal Act, Ms. Gordon and Mr.
26 Wong could have practiced collection law separately for twenty years in the form of
27 two sole proprietorships, and neither attorney would be subject to the Rosenthal Act.
28 But the day that they merged their practice to form a partnership or professional law

corporation, they <u>would</u> both be subject to the Act.  There is nothing to suggest that the California Legislature intended such an absurd result.

The California Legislature clearly wanted to exempt attorneys from the reach of the Rosenthal Act.  It would have been unnecessary and redundant for the legislature also to specify that law firms comprised of attorneys – in whatever form they may take – were exempt from the reach of the Rosenthal Act.  Gordon & Wong is not a "debt collector" within the meaning of the Rosenthal Act.

### D.   The Invasion Of Privacy Claim Fails As A Matter Of Law Because It Is Barred By The Litigation Privilege

Fleming's invasion of privacy claim (Count III) merely incorporates her prior allegations by reference, and asserts in a conclusory fashion that Defendant invaded her privacy and improperly disclosed private facts about her.  *See* Complaint ¶ 12. Thus the claim is based upon the attempt to garnish her wages using the writ issued upon the renewed judgment.  This claim is barred as a matter of law by the litigation privilege set forth in California Civil Code § 47(b).  The California courts and legislature have long recognized that the contents of any pleading, as well as any litigation communications, are <u>absolutely</u> privileged and may not form the basis of any subsequent claim against the speaker.

"For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)."  *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993).[3]  The principal purpose of the privilege is "to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions."  *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (citations omitted).  The

---

[3]  Section 47(b) of the California Civil Code provides in relevant part as follows: "A privileged publication or broadcast is one made: . . .  (b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law . . . ."  Cal. Civ. Code § 47(b).

usual formulation of the contours of the privilege was stated by the California

Supreme Court in *Silberg* as follows:

> The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.

*Id.* at 212.

The California Supreme Court has declared that the contents of all pleadings and process involved in any litigation are privileged communications and may not form the basis of any claim. *See, e.g., Rusheen v. Cohen*, 37 Cal. 4th 1048, 1058 (2006) (privilege applies to false or perjurious testimony or pleadings); *Rubin*, 4 Cal. 4th at 1195 (privilege barred claims based on contents of pleadings and amended pleadings).

The privilege applied to all tort claims, including claims for invasion of privacy. *See, e.g., Jacob B. v. County of Shasta*, 40 Cal. 4th 948 (2007) (privilege barred constitutional right of privacy claim); *Foothill Fed. Credit Union v. Superior Court*, 155 Cal. App. 4th 632, 634-36(2007) (privilege barred claim for invasion of privacy based on disclosure of personal financial records); *Ribas v. Clark*, 38 Cal. 3d 355, 364-65 (1985) (privilege barred claim for damages arising from alleged violations of Privacy Act, Penal Code § 630, *et seq.*).

Plaintiff's invasion of privacy claim is based on the contents of the writ of execution and the other pleadings in the state court action.  Given the unbroken line of authority holding that pleadings are privileged, summary judgment should be granted on the claim.

## IV.   CONCLUSION

All of the claims fail because they are barred as a matter of law by the *Rooker-Feldman* doctrine.  The state law claims also fail because the Rosenthal Act does not apply to attorneys, and because the privacy claim is barred by the litigation privilege.  For the foregoing reasons, the Court should enter summary judgment for Defendant.

1   DATED: March 1, 2010                SIMMONDS & NARITA LLP
                                        TOMIO B. NARITA
2                                       JEFFREY A. TOPOR

3

4                                  By:   s/Tomio B. Narita

5                                       Tomio B. Narita
                                        Attorneys for Defendant
6                                       Gordon & Wong Law Group, P.C.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28