1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendant
7  Gordon & Wong Law Group, P.C.

8

9                  UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12  JAQUELINE FLEMING,                 ) CASE NO.  5:09-cv-04430 JW
                                       )
13                                     ) **REPLY MEMORANDUM OF**
                                       ) **POINTS AND AUTHORITIES IN**
14            Plaintiff,               ) **SUPPORT OF DEFENDANT'S**
                                       ) **MOTION FOR SUMMARY**
15       vs.                           ) **JUDGMENT**
                                       )
16                                     ) Date:    June 14, 2010
    GORDON & WONG LAW GROUP,           ) Time:    9:00 a.m.
17  P.C.,                              ) Crtrm.:  8, 4th Floor
                                       )
18                                     ) The Honorable James Ware
            Defendant.                 )
19                                     )
                                       )
20  _____        )

21

22

23

24

25

26

27

28

1    **I.       INTRODUCTION**

2              The opposition filed by plaintiff Jacqueline Fleming ("Fleming") confirms that

3    summary should be granted.  She concedes that her case is based on a single factual

4    allegation: namely, that defendant Gordon & Wong Law Group, P.C. ("Gordon &

5    Wong") was trying to collect $1,869.00 from her on a judgment, even though "her

6    actual balance on said judgment is $149.98."  *See* Complaint, ¶ 5.  The problem with

7    this allegation, however, is that Fleming found this lower number on a writ that was

8    issued on March 28, 2005.  That writ was issued on the <u>original</u> judgment entered by

9    the state court back in 1998.  That writ is now seriously outdated and does not reflect

10   the current amount due.

11             More than four years after that writ issued, the state court issued a <u>renewed</u>

12   judgment against Fleming.  Fleming did not object to the renewed judgment, nor did

13   she request that it be modified or vacated, as state law required.  The state court then

14   issued a new writ in the amount of $1,869.00, which included accrued costs and

15   interest.  Fleming never challenged the new writ in state court.  Thus, the record

16   shows that Gordon & Wong is seeking to collect the exact amount – $1,869.00 – that

17   was authorized by the state court when it issued the renewed judgment and writ.

18   Summary judgment is proper.

19             Even if Fleming had evidence suggesting that the state court had miscalculated

20   the amount due on the renewed judgment or the writ, her claims would be barred as a

21   matter of law by the *Rooker-Feldman* doctrine.  The state court found that the proper

22   amount of the renewed judgment, including costs and accrued interest, was

23   $1,869.00, and it issued the renewed writ accordingly.  By alleging that she owes

24   less, Fleming seeks to challenge that finding through this case, which is an

25   impermissible attack the validity of the judgment and writ.  The *Rooker-Feldman*

26   doctrine is meant to bar claims like this, where a state court loser files a subsequent

27   federal court action that seeks to undermine the findings of a state court judgment.

28   The Court lacks subject matter jurisdiction over the claims.

1    The Rosenthal Act claim also fails because the Act does not apply to attorneys.

2  There is nothing to suggest that when the California legislature decided to broadly

3  <u>exempt</u> all attorneys from liability under the Act, it secretly intended to <u>include</u> the

4  professional law corporations through which those attorneys practice.  The most

5  reasonable construction of the Rosenthal Act is that attorneys and their law

6  corporations are exempt.

7    Fleming has abandoned her claim for invasion of privacy, presumably because

8  it is barred by the litigation privilege as a matter of law.  Summary judgment for

9  Defendant should be granted on all the claims.

10  **II.    ARGUMENT**

11    **A.    Summary Judgment Is Proper Because Fleming Has Produced No Evidence To Raise A Triable Issue Of Fact**

12    With its Opening Memorandum, Defendant submitted evidence showing that

13  Fleming was served with the state court complaint in 1998, that she failed to respond,

14  and that a judgment was entered against her.  *See* Defendant's Request For Judicial

15  Notice (Docket 13), Ex. A.  Defendant also demonstrated that Fleming was served

16  (consistent with section 683.160 of the California Code of Civil Procedure) on

17  December 24, 2008 with a notice of a renewed judgment, which credited all the

18  payments she made, but which also added the costs incurred by the creditor and the

19  accrued interest.  *Id*. Exs. B and C.

20    State law mandates that if Fleming disagrees with the amount claimed in the

21  application for renewed judgment, she must file a motion to vacate or modify the

22  renewal within thirty days of service of the application for renewal.  *See* Cal. Code

23  Civ. Proc. § 683.170.  Fleming never challenged the renewed judgment.

24    When Fleming failed to object, the state court issued a writ of execution on the

25  renewed judgment on May 19, 2009, in the amount of $1,869.00.  *See* Defendant's

26  Request For Judicial Notice (Docket 13), Ex. D.

27

28

1    Therefore, contrary to the allegations of the Complaint, Defendant has shown

2    that the correct amount of the remaining debt is $1,869.00 – the exact amount that

3    Gordon & Wong was seeking to collect from her.

4    The burden shifted to Fleming to provide competent, admissible evidence to

5    support her claims.  She did not.  Fleming did not file a declaration to oppose this

6    motion.  The one document she did submit with her opposition actually confirms that

7    summary judgment for Defendant is proper.

8    Fleming asks the court to take judicial notice of an old writ of execution dated

9    March 28, 2005, that was based on the original judgment.  *See* Plaintiff's Request

10   For Judicial Notice (Docket 16-1), Ex. A.  But that writ issued more than four years

11   before the state court renewed the judgment.  The amount reflected in the old writ

12   offered by Fleming has no bearing on the sole issue in this case, which is whether

13   Gordon & Wong was seeking to collect the correct amount in 2009.  The record

14   shows that the correct amount of the debt was $1,869.00, as reflected in the May 19,

15   2009 writ issued by the state court based on the renewed judgment.

16   **B.     All Of Fleming's Claims Are Barred By The *Rooker-Feldman* Doctrine And Must Fail As A Matter Of Law**

17    Even if Fleming had supplied evidence suggesting that the amount of the

18   renewed judgment or writ was improper, her claims would still be barred as a matter

19   of law by the *Rooker-Feldman* doctrine.  Fleming lost in state court.  An original

20   judgment and a renewed judgment were entered against her.  She never challenged

21   the renewed judgment, as she was required to do if she felt the amount was incorrect.

22   A new writ was issued by the state court for $1,869.00 based on the renewed

23   judgment, and Fleming did not challenge the amount of that writ either.

24   Fleming claims she was harmed because Defendant was allegedly seeking to

25   more than she owed.  But her claims directly attack the findings of the state court that

26   underlie the renewed judgment and writ.  The Court lacks jurisdiction to hear these

27   claims.  *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284

28

1   (2005) (*Rooker-Feldman* doctrine bars "cases brought by state-court losers

2   complaining of injuries caused by state-court judgments rendered before the district

3   court proceedings commenced and inviting district court review and rejection of

4   those judgments.").  The claims asserted by Fleming in this case are "inextricably

5   intertwined" with the state court decision, because an adjudication that she owes

6   $149.98, rather than $1,869.00, "**would undercut the state ruling or require the**

7   **district court to interpret the application of state laws or procedural rules** . . . ."

8   *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (emphasis supplied).

9       The only Ninth Circuit case cited by Fleming, *Noel v. Hall*, 341 F.3d 1148 (9th

10  Cir. 2003), is distinguishable.  In *Noel*, the district court had erred by holding the

11  *Rooker-Feldman* doctrine barred a federal plaintiff from litigating claims that were

12  still at issue and proceeding toward trial in a **parallel** state court action.  *Id*. at 1165.

13  The *Noel* decision acknowledges, however, that the *Rooker-Feldman* doctrine bars a

14  plaintiff like Fleming from complaining of "a legal injury caused by a state court

15  judgment, based on an allegedly erroneous ruling" by the state court.  *Id.* at 1163.

16      In this case, unlike *Noel*, Fleming's entire theory of recovery – that Defendant

17  is seeking to collect more than the state court judgment allows – is an impermissible

18  attack on the state court judgment.  To succeed here, Fleming must ask this Court to

19  "undo" the finding of the state court that she owes $1,869.00 – a finding made after

20  she was properly served with the notice of renewal of the judgment and renewed

21  writ, and failed to object.  The Court lacks jurisdiction to do so.

22      Fleming says the decisions in *Kelly v. Med-1 Solutions, LLC*, 548 F. 3d 600,

23  603 (7th Cir. 2008) and *Bryant v. Gordon & Wong, P.C.*, _ F. Supp.2d _, 2010 WL

24  339086 (E.D. Cal Feb 1, 2010) are distinguishable because Fleming is challenging

25  events that occurred <u>after</u> the entry of judgment, and she "is not contesting or

26  alleging that the judgment itself was erroneous or never should have been entered."

27  *See* Opposition at 16.  But the applicability of the *Rooker-Feldman* doctrine does not

28  turn on <u>when</u> the defendant's allegedly unlawful conduct occurred (*i.e.,* before or

1  after the judgment).  Rather, it turns on whether the relief sought by the plaintiff

2  would have the effect of undermining the judgment.  *Bianchi*, 334 F.3d at 898.

3      Contrary to her argument, Fleming is claiming the renewed judgment is

4  erroneous.  In fact, she ignores the renewed judgment entirely.  Her Complaint is

5  premised on her claim that the "correct" amount of the debt is only $149.98, because

6  she is relying upon an <u>outdated</u> writ from 2005 issued on the <u>original</u> judgment.  She

7  wants this Court to ignore the renewed judgment and the renewed writ, or to hold

8  that the state court calculated interest improperly.  She wants a finding that the

9  remaining balance on the her debt is only $149.98.  This is flatly contrary to the

10  findings of the state court, which show that the amount of the debt is $1,869.00, as

11  reflected in the renewed writ based on the renewed judgment.

12      The Court lacks jurisdiction to adjudicate these claims.  The decisions in *Kelly*

13  and *Bryant* are on point and persuasive here.  *See Kelly,* 548 F.3d at 605 (FDCPA

14  claim based upon allegedly improper request for attorney's fees made in state court

15  litigation barred by *Rooker-Feldman* doctrine: "We could not determine that

16  defendants' representations and requests related to attorney fees violated the law

17  without determining that the state court erred by issuing judgments granting the

18  attorney fees."); *Bryant*, 2010 WL 339086, at *3 ("The net effect is that Plaintiff is

19  seeking to undermine the state court judgments.  These judgments were rendered

20  before the current district court proceeding, and any action by this Court in favor of

21  Plaintiff on his FDCPA or RFDCPA claims would necessarily require review of

22  those state court judgments.  The *Rooker-Feldman* doctrine specifically bars this

23  Court from doing so.").

24      **C.    The Rosenthal Act Does Not Apply To Attorneys Or Their Firms**

25      There is one decision of this Court that granted summary judgment for a

26  limited liability law partnership (similar to Gordon & Wong, P.C.) noting that the

27  Rosenthal Act "explicitly excludes attorneys from the definition of 'debt collectors' .

28  . . ."  *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1164 (N.D. Cal.

1  2007); *see also* Cal. Civ. Code § 1788.2(c) ("The term 'debt collector' . . . does not

2  include an attorney or counselor at law.").

3          As Defendant previously indicated, however, another decision of this Court

4  came to the opposite result, *Abels v. JBC Legal Group*, 227 F.R.D. 541 (N.D. Cal.

5  2005).  Once again, Defendant respectfully submits that *Abels* should be reexamined

6  and should not be followed.

7          It is true, as this Court observed in *Abels*, that definition of "debt collector"

8  found in the Rosenthal Act does not "outright exclude 'law firms.'"  *See* 227 F.R.D.

9  at 548.  But the definition of "debt collector" <u>does</u> include a broad outright exclusion

10  for <u>any</u> "attorney or counselor at law."  *See* Cal. Civ. Code  1788.2(c).  The

11  legislature was obviously aware that "attorneys" were capable of engaging in

12  conduct that might qualify as "debt collection" under the Rosenthal Act, but it

13  wanted to ensure that attorneys were <u>not</u> subjected to liability.  The legislature also

14  had to be aware of the well-known fact that attorneys may chose to do business in

15  various capacities, *e.g.*, as solo practitioners, or as a members of general

16  partnerships, limited liability partnerships or professional law corporations.

17          Given that the legislature expressly <u>excluded</u> all "attorneys" the definition of

18  "debt collector," why, then, should we conclude that legislature silently intended to

19  <u>include</u> professional law corporation within that definition?   After all, a law firm or

20  professional law corporation is merely a business entity comprised of the very

21  attorneys that the legislature decided to exempt from the Rosenthal Act.

22          In fact, California law requires that every shareholder of a professional law

23  corporation <u>must</u> be a licensed attorney.  *See* Cal. Bus. & Prof. Code § 6165.

24  Defendants believe the most reasonable reading of the statute is that the legislature

25  meant to exclude all attorneys from the definition of "debt collector" regardless of

26  the type of business entity the attorney selected for his practice.

27          Law firms and professional law corporations are comprised of attorneys and

28  they communicate with the courts through attorneys.  Fleming is complaining about

1 the pleadings in the state court action that were prepared and filed by attorneys. The

2 application of the Rosenthal Act should not turn upon whether Ms. Gordon and Mr.

3 Wong decided to practice collection law separately, as solo practitioners, or together

4 in small professional law corporation.

5      The California Legislature clearly intended to exempt, and did exempt, all

6 "attorneys" from the reach of the Rosenthal Act. Given this broad exemption, it

7 would have been unnecessary and redundant for the legislature to also to specify that

8 entities comprised of attorneys – such as partnerships, limited liability partnerships,

9 or professional law corporations – were exempt. The Court should not interpret the

10 legislature's failure to expressly exclude professional law corporations as a silent

11 intent to bring these entities within the reach of Rosenthal Act.

12      **D.    Summary Judgment Is Proper On The Invasion Of Privacy Claim**

13      Fleming has quietly "withdrawn" her invasion of privacy claim, without

14 providing any explanation. She effectively concedes that the claim is barred by the

15 litigation privilege. For the reasons stated in the Opening memorandum, summary

16 judgment should be granted on this claim.

17 **III.   CONCLUSION**

18      All of the claims seek to challenge the findings underlying the renewed

19 judgment and writ issued by the state court against Fleming, and they are all barred

20 by the *Rooker-Feldman* doctrine. The Rosenthal Act does not apply to attorneys or

21 their firms. The invasion of privacy claim is barred by the litigation privilege. The

22 Court should enter summary judgment for Defendant.

23 DATED: March 18, 2010        SIMMONDS & NARITA LLP
                           TOMIO B. NARITA

24                            JEFFREY A. TOPOR

25

26                     By:   s/Tomio B. Narita
                           Tomio B. Narita

27                            Attorneys for Defendant
                           Gordon & Wong Law Group, P.C.

28