IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jaqueline Fleming, | NO. C 09-04430 JW |
|     Plaintiff, <br> v. | **ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION** |
| Gordon & Wong Law Group, P.C., | |
|     Defendant. | |

## I. INTRODUCTION

Jaqueline Fleming ("Plaintiff") brings this action against Gordon & Wong Law Group, P.C. ("Defendant"), alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., violation of the Rosenthal Act ("RFDCPA"), Cal. Civ. Code §§ 1788, *et seq*., and invasion of privacy. Plaintiff alleges that Defendant violated federal and state laws by attempting to collect a debt of $1869.00 resulting from a state court Writ of Execution.

Presently before the Court is Defendant's Motion for Summary Judgment. (hereafter, "Motion," Docket Item No. 12.) The Court conducted a hearing on July 12, 2010. (See Docket Item No. 20.) Based on the papers submitted to date and oral argument, the Court GRANTS Defendant's Motion and DISMISSES the action for lack of subject-matter jurisdiction.

## II. BACKGROUND

**A.  Undisputed Facts**

On December 31, 1998, a judgment of $2447.41 was entered against Plaintiff in a Santa Clara County Superior Court Case[1] ("state court case").[2] On March 28, 2005, the state court issued a Writ of Execution for $1350.62 against Plaintiff.[3] On December 24, 2008, Defendant filed an Application for Renewal of Judgment in the state court case.  (See December 2008 Application.)  On April 7, 2009, Defendant filed proof of service with the state court.[4] On May 19, 2009, the state court issued a Writ of Execution for $1869.00 against Plaintiff.  (See May 2009 Writ of Execution.) Pursuant to the May 2009 Writ of Execution, Defendant contacted Plaintiff in an attempt to collect $1869.00 from Plaintiff.  (See Answer to Complaint ¶¶ 4, 5, Docket Item No. 5.)

---

[1]  Sears, Roebuck & Co. v. Fleming, Case No. 7-98-CV-369079.  Defendant is attorney for Sears, Roebuck & Co., original plaintiff and judgment creditor in the state court case.

[2]  (See State Court Writ of Execution issued March 28, 2005 for $1350.62 against Plaintiff, hereafter, "March 2005 Writ of Execution," Plaintiff's Response to Defendant's Motion for Summary Judgment, Ex. A, Docket Item No. 16.)
Plaintiff and Defendant move for judicial notice of the following documents from the state court case: (1) March 2005 Writ of Execution; (2) Defendant's Application for Renewal of Judgment filed on December 24, 2008 (hereafter, "December 2008 Application," Docket Item No. 13); (3) Notice of the December 2008 Application (hereafter, "December 2008 Notice," Docket Item No. 13); (4) Proof of Service for the December 2008 Notice (hereafter, "December 2008 Proof of Service," Docket Item No. 13); and (5) State Court Writ of Execution issued May 19, 2009 for $1869.00 against Plaintiff (hereafter, "May 2009 Writ of Execution," Docket Item No. 13.)
Federal Rule of Evidence 201 allows the Court to take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Here, the state court documents are public court records whose accuracy is easily verifiable.  Furthermore, neither party has opposed any request for judicial notice of these documents.  Accordingly, the Court GRANTS the parties' requests for judicial notice of the state court documents.

[3]  (See March 2005 Writ of Execution.)  The March 2005 Writ of Execution reflects a "credit" in the amount of $1779.32 and "interest after judgment" in the amount of $675.53.  (Id.)

[4]  (See December 2008 Proof of Service.)  Though Plaintiff does not challenge the December 2008 Proof of Service submitted to the state court or her Notice in the state court case, Plaintiff does not admit that she was served the Notice.  (See Plaintiff's Response to Defendant's Motion for Summary Judgment, hereafter, "Opposition," Docket Item No. 16.)  However, based on the state court documents, there does not appear to be any genuine dispute that Plaintiff was properly served.  (See December 2008 Proof of Service.)

2

**B.    Procedural History**

On September 21, 2009, Plaintiff filed her Complaint. (hereafter, "Complaint," Docket Item No. 1.) Plaintiff alleges three causes of action: (1) Violation of the FDCPA, 15 U.S.C. §§ 1692, *et seq.*; (2) Violation of the RFDCPA, Cal. Civ. Code §§ 1788, *et seq.*; and (3) Invasion of Privacy.[5]

Presently before the Court is Defendant's Motion for Summary Judgment. Based upon the materials filed, the Court construes the Motion as a request to dismiss for lack of subject-matter jurisdiction. Thus, the Court applies the standards of Fed. R. Civ. P. 12(b)(1).

### III.  STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction. A Rule 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject-matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject-matter are viewed in the light most favorable to the opposing party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment. Id.

---

[5] (See id.) Plaintiff voluntarily withdraws her Third Cause of Action for Invasion of Privacy. (Opposition at 21.)

3

## IV. DISCUSSION

Defendant moves for summary judgment as to Plaintiff's First and Second Causes of Action on two grounds: (1) Plaintiff's FDCPA and RFDCPA claims are barred by the Rooker-Feldman doctrine; and (2) Defendant falls within a statutory exclusion of the RFDCPA. (Motion at 1.) The Court addresses the Rooker-Feldman issue first since it may be dispositive.

Under the Rooker-Feldman doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983). Instead, the proper court in which to obtain such review is the United States Supreme Court. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. The Rooker-Feldman doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. See Dubinka v. Judges of Super. Ct., 23 F.3d 218, 221 (9th Cir. 1994). "The purpose of the doctrine is to protect state judgments from collateral federal attack." Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001). A challenge under the Rooker-Feldman doctrine is a challenge for lack of subject-matter jurisdiction and may be raised at any time by either party or *sua sponte* by the court. Olson Farms, Inc. v. Barbosa, 134 F.3d 933, 937 (9th Cir. 1998).

The Rooker-Feldman doctrine should be construed narrowly and is limited to situations where a plaintiff alleges a de-facto appeal by both asserting errors by the state court and seeking relief from the state court judgment as a remedy. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1140 (9th Cir. 2004). However, the Ninth Circuit has recently held that Rooker-Feldman may be applicable even where a plaintiff does not directly contest the merits of a state court decision. Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008). A court must examine whether the federal causes of action are "'inextricably intertwined' with the state court's decision such that adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules. . . ." Reusser, 525 F.3d at 859; see Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003).

4

Here, Plaintiff alleges Defendant violated the FDCPA[6] "by attempting to garnish an additional $1,869.00 from Plaintiff's wages on an original judgment of $1,663.63 from 1998[,] where her [actual balance] on said judgment is $149.98." (Complaint ¶ 5.)  Plaintiff contends she is challenging Defendant's actions in seeking excess interest on a judgment already entered,[7] not whether she owes the debt. (Opposition at 12.)  Plaintiff also contends she is complaining of an injury caused by Defendant, not the state court, and thus the Rooker-Feldman doctrine does not apply. (Id. at 6-8.)

The Court finds that Plaintiff's FDCPA claim is barred by the Rooker-Feldman doctrine. Plaintiff's alleged injury is based on her contention that only $149.98 remained due to Defendant when Defendant filed the December 2008 Application seeking $1869.00. (See Opposition at 10-13.) To evaluate Plaintiff's claim, the Court must determine the validity of the $1869.00 debt recognized by the state court in the May 2009 Writ of Execution. See Exxon Mobile Corp., 544 U.S. at 284. Thus, adjudication of Plaintiff's FDCPA claim would undercut the state court's judgment and constitute a de-facto appeal. See Reusser, 525 F.3d at 859.

Plaintiff contends she is seeking actual and statutory damages under the FDCPA that is independent of the $1869.00 debt recognized in the May 2009 Writ of Execution. (Opposition at 5, 7.) Plaintiff relies on Exxon for the proposition that her claim is not barred simply because in addressing it, the Court may "deny a legal conclusion that [the] state court has reached." Id.; see

---

[6] The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.  The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Id. In addition, the FDCPA provides that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Id. § 1692f.  These broad prohibitions are often known as "general bans" and contain non-exhaustive lists of prohibited acts. See Dunlap v. Credit Prot. Ass'n, 419 F.3d 1011, 1012 (9th Cir. 2005).  The general bans prohibit as misleading and unconscionable the collection of more money by a creditor than the amount to which it is legally entitled. See 15 U.S.C. § 1692e, f; Watkins v. Peterson Ent., Inc., 57 F. Supp. 2d 1102, 1108 (E.D. Wash. 1999).

[7] Though not elaborated by Plaintiff, the Court presumes Plaintiff is referring to the calculations in Defendant's December 2008 Application, compared to those in the March 2005 Writ of Execution.  Compare March 2005 Writ of Execution, with December 2008 Application, and May 2009 Writ of Execution.

5

Exxon Mobil Corp., 544 U.S. at 289. The Court finds that Plaintiff's contention is unavailing because there is no question that the Rooker-Feldman doctrine bars a district court from reviewing an FDCPA claim that challenges the validity of a debt authorized by a state court judgment.[8] Moreover, Plaintiff's contention that her FDCPA claim is independent of the state court judgment is belied by the fact that she seeks recovery on the premise that $1869.00 is not rightfully owed to Defendant. Thus, the Court finds that Plaintiff's claim constitutes a de-facto appeal and is barred by the Rooker-Feldman doctrine.

Accordingly, the Court GRANTS Defendant's Motion on the ground that under the Rooker-Feldman doctrine, the Court lacks subject-matter jurisdiction over Plaintiff's FDCPA claim. Further, because Plaintiff's FDCPA and RFDCPA[9] claims are based on the same facts, Plaintiff's RFDCPA claim is also necessarily barred by the Rooker-Feldman doctrine.

## V. CONCLUSION

The Court GRANTS Defendant's Motion and DISMISSES this action for lack of subject-matter jurisdiction.[10]

The Clerk of Court shall close this file.

Dated: July 15, 2010

JAMES WARE
United States District Judge

---

[8] See Bryant v. Gordon Wong Law Group, P.C., 681 F. Supp. 2d 1205, 1206 (N.D. Cal. 2010); Dexter, 654 F. Supp. 2d 1253, 1257-8 (E.D. Wash. 2009). In Bryant, the plaintiff alleged that the defendant violated the FDCPA by garnishing his wages in accordance with a state court writ of execution. 681 F. Supp. 2d at 1206. The basis of the FDCPA claim in Bryant was the defendant's alleged failure to serve the plaintiff in a state collection action. Id. The court held that the Rooker-Feldman doctrine barred the plaintiff's FDCPA claim since it challenged the validity of the debt authorized by the state court. Id.

[9] The RFDCPA establishes liability under California law for violations of the FDCPA. Cal. Civ. Code § 1788.17. Thus, FDCPA and RFDCPA claims require identical analysis. See id. RFDCPA claims arising from the same facts as FDCPA claims barred by the Rooker-Feldman doctrine are likewise barred since they would require the same evaluation of a state court judgment. See, e.g., Bryant, 681 F. Supp. 2d 1205.

[10] A dismissal under the Rooker-Feldman doctrine is a dismissal for lack of subject-matter jurisdiction and thus, should be dismissed without prejudice. See Kougasian, 359 F.3d at 1139; Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jeffrey A. Topor jtopor@snllp.com
Todd Michael Friedman tfriedman@attorneysforconsumers.com
Tomio Buck Narita tnarita@snllp.com


**Dated:  July 15, 2010**                                                          **Richard W. Wieking, Clerk**


                                                        **By:    /s/ JW Chambers**
                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**

**United States District Court**
For the Northern District of California